ORCASITAS *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Cáguas.

No. 21.—Resuelto en marzo 7, 1907.

SOCIEDAD MERCANTIL—CAPACIDAD PARA EJECUTAR ACTOS DE DOMINIO—DOCUMENTOS PÚBLICOS.—Las certificaciones expedidas por los registradores de la propiedad son documentos públicos y solemnes, que hacen fe en juicio y fuera de él, y constando en un documento semejante todos los particulares relativos á la constitución y manera de funcionar de una sociedad mercantil, no puede desconocerse su capacidad jurídica para otorgar una escritura de hipoteca voluntaria.

ID.—USO DE LA FIRMA SOCIAL.—Al expresarse, en una escritura de constitución de sociedad, que sólo determinados socios gestores podrán usar la firma social para operaciones de la casa, no debe entenderse que hayan de usar de tal firma conjuntamente, sino que sólo ellos podrán usar la misma, con exclusión de los demás socios.

Los hechos están expresados en la opinión.

La parte recurrente no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por Don Pedro Orcasitas y Muñoz, como apoderado de su Sra. madre Doña Mercedes Muñoz, viuda de Orcasitas, contra negativa del Registrador de la Propiedad de Cáguas á inscribir una escritura de hipoteca voluntaria.

*Resultando:* que, por escritura pública otorgada en esta capital ante el notario de la misma Don Juan de Guzmán Benítez en 10 de marzo de 1905, Don Luis Passalacqua, como gestor de la sociedad mercantil establecida en Coamo, bajo la razón de "Passalacqua Hermanos y Compañía," otorgó escritura de hipoteca voluntaria por la suma de 1643 dollars sobre unas fincas rústicas de su propiedad á favor de Doña Mercedes Muñoz, viuda de Orcasitas; y que presentada copia de dicha escritura para su inscripción en el Registro de la Propiedad de Cáguas acompañada de una certificación literal,

expedida por el Registrador de la Propiedad de Ponce, de la escritura de constitución de la sociedad "Passalacqua Hermanos y Ca." que obra inscrita en el registro mercantil de aquella ciudad, que tiene á su cargo dicho funcionario, denegó el Registrador de Cáguas la inscripción de la escritura de que se trata, por los fundamentos de la nota que puso al calce de la misma la que, copiada literalmente, dice así:

"No admitida la inscripción del precedente documento, y tomada en su lugar anotación preventiva por ciento veinte días á los fólios 132 y 145 vuelto de los tomos 12 de Comerío y 12 de Aguas Buenas, fincas 156 duplicado y 64 triplicado, anotaciones letras B, respectivamente, por no ser suficientes para apreciar la capacidad civil de Don Luis Passalacqua en su carácter de socio gestor de la sociedad hipotecante, una certificación literal del asiento de inscripción en el Registro Mercantil de Ponce, de la escritura de Constitución de la referida sociedad, toda vez que dicha capacidad ha de regularse por los respectivos estatutos ó escritura de constitución de la misma sociedad, á fin de poder calificar el contrato, cuya inscripción se pretende al tenor del artículo 29 del Código Civil, el 121 del Código de Comercio y resolución de 7 de enero de 1893 de la Dirección de los Registros y del Notariado de Madrid. Además, que, según resulta literalmente del asiento del registro mercantil referido, son gestores de la repetida mercantil Don Julio y Don Luis Passalacqua y sólos éstos podrán usar de la firma social; con cuyas palabras parece quiere indicarse que juntamente dichos gestores han de hacer uso de la firma social. Cáguas, 18 de julio de 1906."

*Resultando:* que, contra esta nota ha interpuesto en tiempo Don Pedro Orcasitas y Muñoz, en su carácter de apoderado de su Sra. madre Doña Mercedes Muñoz, viuda de Orcasitas, el presente recurso gubernativo para que se revoque dicha nota y se declare que procede la inscripción solicitada sin devengar nuevos derechos.

*Considerando:* que las certificaciones expedidas por los registradores de la propiedad, de los asientos del registro mercantil que tienen á su cargo, son documentos públicos y solemnes que hacen plena fe en juicio y fuera de él; y por consiguiente, que constando de la certificación expedida por

el Registrador de la Propiedad de Ponce de la escritura de constitución de la sociedad mercantil Passalacqua Hermanos y Ca., inscrita en el registro mercantil de su cargo, todos los particulares relativos á la constitución y manera de funcionar de dicha sociedad, no puede desconocerse la capacidad jurídica de ésta para otorgar la escritura de hipoteca voluntaria de que se trata. ·

*Considerando:* que al expresarse en dicha escritura que sólo los socios gestores Don Julio y Don Luis Passalacqua podrán usar de la firma social para operaciones de la casa, no quiere decir que deban usar de la firma conjuntamente, como parece que lo entiende el registrador, sino que sólo ellos podrán usar de la firma social, con exclusión de todos los demás socios.

*Considerando,* por tanto, que acreditada como lo está la capacidad jurídica de la mercantil Passalacqua Hermanos y Ca., y la personalidad del socio gestor Don Luis Passalacqua para contratar á nombre de ella, no procede denegarse la inscripción de dicha escritura en el registro de la propiedad.

*Vistos* los artículos 30 del Código de Comercio 57 y 59 del Reglamento para la organización y régimen de los registros mercantiles. ·

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Cáguas al pie de la escritura de que se trata en el presente recurso, y se le ordena que proceda á inscribirla con arreglo á derecho; devolviéndosele los documentos presentados con copia certificada de la presente resolución, para su conocimiento y demás efectos.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.